JOSEPH MILLER, APPELLEE, v. EDWARD SCHLERETH, APPELLANT.

42 N. W. 2d 865

Filed June 8, 1950. No. 32800.

*Bayard T. Clark* and *John C. Mullen,* for appellant.

*Jean B. Cain* and *Paul P. Chaney,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is a workmen's compensation case tried in the district court for Richardson County pursuant to our mandate in Miller v. Schlereth, 151 Neb. 33, 36 N. W. 2d 497. The court entered a decree in favor of the claimant, Joseph Miller, finding he was totally and permanently disabled and fixing his benefit payments accordingly. His motion for a new trial having been overruled the employer, Edward Schlereth, has appealed.

Appellant discusses issues which were disposed of by our opinion on the first appeal of the case. See Miller v. Schlereth, *supra.*

Material questions which were in issue in a former

appeal and which were therein judicially determined are conclusively settled thereby and such determination becomes the law of the case. They may not again be litigated in a subsequent appeal in the same action. Callahan v. Prewitt, on rehearing, 143 Neb. 793, 13 N. W. 2d 660; Blum v. Truelsen, 139 Neb. 282, 297 N. W. 136; Kuhns v. Live Stock National Bank, 138 Neb. 797, 295 N. W. 818; Smith v. Neufeld, 61 Neb. 699, 85 N. W. 898.

As stated in Anheuser-Busch Brewery Assn. v. Hier, 61 Neb. 582, 85 N. W. 832: "The decision of questions presented to this court in reviewing the proceedings of the district court becomes the law of the case, and, for the purposes of the litigation, settles conclusively the points adjudicated."

Appellant contends that appellee's physical condition is not due to any injuries he may have suffered in the accident he had on October 2, 1945, and further, that the accident did not arise out of and in the course of his employment with the appellant.

The burden is upon the appellee to establish the facts which will entitle him to recover. As stated in Simon v. Standard Oil Co., 150 Neb. 799, 36 N. W. 2d 102: "The right of recovery is statutory, and unless the case has been brought within the conditions imposed by the statute, it must fail. Whether an accident arises out of and in the course of employment must be determined by the facts of each case."

"On any appeal to this court in a workmen's compensation case the cause will be here considered de novo upon the record." Solheim v. Hastings Housing Co., 151 Neb. 264, 37 N. W. 2d 212.

On October 2, 1945, the day of the accident, appellee lived at Falls City, Nebraska. He was married and had a family of six children, the oldest then being 22 years of age and the youngest 6. He was about 48 years of age at the time and worked as a laborer. On that day he was employed as such by the appellant. Appellant

had for many years been engaged in the business of handling junk, hides, and furs at Falls City.

On October 2, 1945, appellee, together with Jess Kerns and Elmer Schlereth, hauled a truckload of second-hand material from the basement of Gerhardt's, a business place in Falls City, to the junk yards of appellant. During the afternoon appellee was engaged in dismantling the material obtained from Gerhardt's, which included old radios, washing machines, and two electric refrigerators. The dismantling of this material was a part of his work.

While engaged in dismantling or taking apart a gas tank unit of one of the refrigerators it exploded. The top or lid thereof hit him in the chin and the gas therefrom got in his eyes and lungs. This happened about 4 p. m. He was immediately taken to a hospital. He stayed there for three weeks and a day. He has needed medical care ever since.

As a result of the accident scar tissue formed on the cornea of his eyes and, as a result thereof, he became practically blind. His lungs were also affected by the gas and are getting progressively worse. Because of these injuries, which the evidence shows resulted directly from the accident, the appellee has become totally and permanently disabled. The evidence also establishes that the accident arose out of and in the course of appellee's employment with the appellant.

Appellant complains that the trial judge was prejudiced. This contention is without merit.

The trial court allowed appellee an attorney's fee of $750. The allowance thereof was proper as section 48-125, R. S. 1943, provides, so far as here material, as follows: "In the event the employer appeals to the district court from the award of the compensation court, or any judge thereof, and fails to obtain any reduction in the amount of such award, the district court may allow the employee a reasonable attorney's fee to be taxed as costs against the employer, and the Supreme

Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in that court."

Nor do we think, considering the nature of the litigation that has been involved in order to obtain the decree, that it·is excessive. We also find, since we are affirming the decree of the district court, that appellee should be allowed a reasonable attorney's fee in this court in the sum of $250. These attorney fees are to be taxed to the appellant as costs.

Appellee's counsel admit they have an agreement with their client as to attorney fees which they entered into pursuant to the provisions of section 48-108, R. S. 1943. It is not our intention that the attorney fees herein approved for appellee, both in the district and in this court, shall inure to appellee's counsel in addition to those provided for in said agreement but that they shall apply thereon. That is, the total received by them shall not be in excess of whichever is the greater.

Other errors are assigned but not discussed. Therefore we do not find it necessary to discuss them.

The decree of the district court is affirmed.

AFFIRMED.