JENNIE R. FOSTER, APPELLANT, V. ATLAS LUMBER COMPANY, A CORPORATION, DOING BUSINESS AS GORDON LUMBER AND COAL COMPANY, ET AL., APPELLEES.

50 N. W. 2d 637

Filed January 4, 1952. No. 33077.

*Lloyd H. Jordan* and *Charles A. Fisher,* for appellant.

*Joseph H. McGroarty,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action under the Workmen's Compensation Act brought by the widow of an employee of the defendant. It presents two questions. Did the employee suffer an accident within the meaning of the Workmen's Compensation Act and, if so, did death result from the accident? The matter was heard before a judge of the compensation court and the claim was dismissed. The matter was next heard before the compensation court sitting en banc and the cause was dismissed. It was appealed to the district court and dismissed. It is here on appeal. We affirm the judgment of the trial court.

The defendant offered no evidence.

Plaintiff's evidence was that the deceased was a man 62 years of age and in general good health. He had some hypertension and was 10 percent overweight. In 1917, he had had an operation for appendicitis followed by an incisional hernia.

For many years the deceased had been the manager of defendant's lumber yard at Gordon. His work was

mostly office work. However, he did anything about the yard that was required, including such work as loading of lumber and cement.

On September 20, 1949, he went with a customer in a car to a warehouse some two blocks from the office and there helped sort out, as to color, paint that the customer purchased. The paint was in cans in cartons weighing 50 pounds or more. The customer and the deceased each carried one carton to the customer's car— a distance of 150 feet. They returned and, at the customer's suggestion, deceased held open the warehouse door while the customer carried out three more cartons of paint. The customer said the deceased may have carried out a second carton, but he does not think so. They then got into the car and started back to the office. On the way deceased said, " * * * I've got kind of a pain in my stomach." Shortly thereafter at the office yard he was observed to be in apparently great pain, sweating and vomiting. He told witnesses he had "hurt" himself lifting paint. He was taken home. His wife was absent, was located, and reached home shortly thereafter. Deceased was abed in pain. He told his wife that he had "hurt" and "strained" himself in lifting paint. A doctor was called by deceased's wife. During the course of his treatment deceased told the doctor, "I got sick after lifting a case of paint and I got to vomiting."

The doctor reached a diagnosis of strangulated incisional hernia. The doctor testified that the cause of a piece of bowel being caught in the incisional hernia was some sort of increased pressure in the abdomen and that pain and the other symptoms would follow almost immediately. Deceased did not respond to treatment. He was operated on the next day and the diagnosis was confirmed. Deceased made a normal recovery. He was ambulatory after four days. On October 1, 1949, he was discharged from the hospital. He walked, with assistance, to his car, and from the car into his home. He

collapsed before reaching his bed and died in a few minutes. The doctor gave the cause of death as an embolus —"a blood clot, which apparently struck one of the major arteries in the heart"; that he assumed the clot came from the healing area of surgery; that a definite diagnosis of the cause of death could not be made without an autopsy; and that none was performed.

Plaintiff contends that the deceased suffered an accident within the meaning of subdivision (2) of section 48-151, R. S. Supp., 1949, and argues that the lifting of the paint caused the strangulated hernia; the operation was necessary to relieve that situation; the embolism and the death were the result of the operation; and hence she is entitled to recover.

The statements of the deceased as to having hurt and strained himself lifting the paint were admitted over objection. Defendant contends that they were hearsay and not admissible. Plaintiff contends that they were admissible and to be considered under the res gestae rule. We do not deem it necessary to determine that question. Assuming, but not deciding, that one or more of the statements were admissible, they show only the result of a cause stated by the deceased to have been the lifting of the paint. They point only to that as a cause. No other cause is indicated in the evidence. The lifting of the paint was within the duties ordinarily done by the deceased.

Subdivision (2) of section 48-151, R. S. Supp., 1949, provides: "The word 'accident' as used in this act shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury."

We have repeatedly held that "Mere exertion, which is not greater than that ordinarily incident to the employment, which combined with pre-existing disease produces disability, does not constitute a compensable acci-

dental injury." - Hamilton v. Huebner, 146 Neb. 320, 19 N. W. 2d 552, 163 A. L. R. 1. The rule is applicable here.

The judgment of the trial court is affirmed.

AFFIRMED.