FRED A. RAHFELDT, APPELLANT, v. ARNOLD W. SWANSON, DOING BUSINESS AS ARNOLD W. SWANSON & COMPANY, ET AL., APPELLEES.

52 N. W. 2d 261

Filed March 7, 1952. No. 33125.

*J. E. Willits,* for appellant.

*Deutsch & Jewell,* for appellees.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This case involves a claim of appellant against appellees for benefits provided by the Nebraska Workmen's Compensation Act.

The claim of appellant as stated in his petition in district court is that on the 23d day of July 1948, he was employed by Arnold W. Swanson; that New York Casualty Company was his compensation insurance carrier; that appellant on that date suffered personal injuries by an accident arising out of and in the course of his employment consisting of a fracture across the trochanteric area of the right hip, severe bruises and nervous shock, and a right inguinal hernia; that his injuries affected his right foot, arms, back, spine, shoulders, and the use and functions of them; that his injuries and disabilities therefrom are "permanent and practically total"; and that his weekly wage was $106.75. The answer of appellees, insofar as important to this appeal, is a denial of the petition of appellant.

The district court found as follows: That appellant on July 23, 1948, sustained a fracture across the trochanteric area of his right hip; that he had surgical, hospital, and nursing services on account thereof; that he was because of the injury temporarily totally disabled until January 21, 1949, a period of 26 weeks at which time temporary disability terminated; that he had a 10 percent permanent partial disability to his right leg by reason of the injury to it; and that no other injury or disability claimed by appellant was

caused by or was referable to the accident involved in the case.

That the hernia claimed to have been caused by the accident on July 23, 1948, to the right side of appellant existed before it and any disability resulting was not caused by it; and that there was no evidence of increased disability of appellant because of the hernia or any aggravation of it by the accident of July 23, 1948, and he was entitled to no compensation because thereof.

That appellant was entitled to recover for the temporary total disability suffered by him $18 a week for 26 weeks the sum of $468 less the payments made him by appellees amounting to $461.71 or a balance on that account of $6.29, and for 10 percent permanent partial disability to his right leg $18 a week for 21½ weeks the sum of $387 or a total of $393.29 due and unpaid to fully compensate for all disability of appellant resulting from the accident of July 23, 1948; and that appellant should recover the balance of expenses incurred by him for travel to and from doctors and the hospital amounting to $107.44.

The court rendered judgment for appellant and against appellees for $500.73. The court also required appellees to pay, in accordance with the medical and hospital fee schedule promulgated by the Nebraska Workmen's Compensation Court, the fees incurred for an operation for the reduction and repair of the hernia on the right side of appellant, the fees for the operation for the removal of the steel blade plate inserted at the site of the fracture in the right leg of appellant, and the hospital fees while appellant was hospitalized incidental to the operation, provided he elected to and did submit to the operation within 60 days of June 18, 1951.

Appellant contends that the evidence shows and that the district court should have found that he is totally disabled and the court should have awarded him recovery on that basis. The record advises that he was taken to a hospital in Sioux City, Iowa, soon after he

was injured on July 23, 1948, and that he was cared for by Dr. O'Donoghue who had specialized in orthopedic surgery and treatment of fractures for 30 years. The history the appellant gave the doctor was that a few hours previously while he was working with a hammer in his right pocket resting against his right hip he fell and landed on the head of the hammer. He complained of no injury other than to his right hip. The doctor examined him with the assistance of X-ray and found a fracture across the trochanteric area of the right hip. The fracture was on July 26, 1948, after the patient had recovered from shock, openly reduced and held with a stainless steel blade plate. Appellant was confined in the hospital 15 days after the operation and when he was discharged his physical condition was excellent. He could not bear weight on his right leg at that time but moved about with the aid of crutches.

He called on the doctor on October 7, November 4, December 14, 1948, and April 20, 1949. The doctor took X-rays and examined him on each visit. On the first of these dates his hip was "doing very well" but he had a mass in his right groin "which he did not have when we first saw him at the hospital." It was diagnosed as a right inguinal hernia. On November 4 he was allowed to put some weight on the fractured hip. On December 14 "the hip was completely healed. We told him to discard his crutches and do as much work as he wanted to." On that date he wanted to drive a car from the State of Iowa to Phoenix. He was examined the last time on April 20, 1949, and the doctor found that his hip was entirely normal in every way. The X-ray examination showed the hip was perfect. The place where it was broken could not be seen. He then had no permanent disability of any kind, occupational or otherwise, as a result of the fracture of his hip. His hip was as good as it was before the accident. The doctor based his conclusion that appellant had no permanent disability and would not have in the future because of the fracture

on his many years of experience in treating many hundreds of previous injuries, and the fact that even an X-ray did not show the fracture after it healed; that it healed without leaving any residuum; that the angle or inclination of the shaft of the femur was perfectly normal; that the density of the bone on the broken side was normal; that he had full range of passive movement of the hip joint; and that there was no appreciable muscle atrophy.

Appellant was given six months of temporary total disability because the bone was not strong enough to carry weight without support for about four months, and the additional two months were to get the muscles limbered up and strength back in them. The length of his right leg was not affected or changed as a result of the injury. The doctor had no record or recollection of any complaint of the appellant of pain in or between the shoulders. There were no nerves affected by the operation and the doctor did not tell appellant that there were. It is not necessary to remove the plate from the hip of appellant because of the type of fracture that he had. The plate will not change and it will not affect the physical parts or tissues of the body of appellant in any way. Dr. O'Donoghue was the only doctor who was consulted and who did anything for appellant after he arrived at the hospital on the day of the accident until May 4, 1949, a period of about 10 months.

Appellant was examined on August 11, 1949, by Dr. Johnson, a specialist in orthopedic surgery since 1924, and an instructor on the subject of fractures in the Medical College of the University of Nebraska since 1925. He found that the "fracture line through the intertrochanteric region is held in perfect position," there was complete union at the site of the fracture, and the bone and the apposition were in perfect position. The motions of the right hip joint were within normal limits except internal rotation was limited to one-half

normal. There was slight atrophy of the right thigh above the patella. The two hips were identical except there was a little bone atrophy or decalcification. There was no shortening of the right lower limb. There was no condition or disability except as stated above that could be attributed to the fracture of the right leg of appellant. The conclusion of Dr. Johnson was that appellant had "a ten per cent permanent partial impairment of the right lower extremity" and this was based on the objective findings that there was "some limitation of the motion of the hip and some atrophy of the limb." His opinion was that appellant could have on August 12, 1949, resumed his employment as a carpenter and performed all its requirements, and that a 10 percent disability "is a relatively small disability" and was not great enough to keep Mr. Rahfeldt from following his occupation as a carpenter.

Walter E. Dutton, a chiropractor of 2½ years experience in that field of healing art, testified that he was told on May 4, 1949, by appellant that he had an accident and fell off "whatever it was he was on"; that he broke his right leg and sustained "some other spinal injuries" causing pain in his upper back, shoulders, and especially his arms; and that his examination developed the existence of a left rotation of the bodies of the upper dorsal vertebra, a right rotation of the bodies of the lumbar vertebra, and an inferiority of the right ilium. These caused the sacrum to be off balance, and that abnormal rotation of a vertebra may cause pressure on soft tissue structure surrounding the spinal nerves and this may produce pain in the extremities. The right leg of appellant was shorter than the left. A fall from a scaffold could have been the cause of the abnormal rotations of the spine and the shortness of the right leg could have aggravated the condition. Appellant had "a bunching of the muscles" above the third dorsal vertebra. It appeared to be irritating and appellant complained of it and pains in his arms. This condition yielded to chiropractic

treatment. He thought the unsatisfactory conditions of appellant as described by him were of traumatic origin, but he had or gave no estimate or opinion of any degree of disability caused by them or any of them or the probable duration thereof.

Dr. Schroeder examined appellant about the first of July 1949, about a year after the accident. The history given him was that appellant had his hip fractured in a fall; that he sustained a hernia; and that he had "been sore and stiff all over, unable to perform his usual duties; that the joints generally in his body have been sore and achy." The findings of the doctor were "moderate kyphosis and scoliosis to the left in the middorsal region," arthritic changes in the spine, atrophy in the right leg, and right inguinal hernia. His diagnosis was "that much of this arthritis is traumatic or at least seriously aggravated by this fall," and he believed that plaintiff had about 50 percent or more disability. This doctor gave as his qualifications that he was a graduate of the medical school of the University of Iowa and had practiced in Marshalltown, Iowa, 13 years. He made no segregation of the degree of disability he believed resulted from the injury to the leg or the degree of disability in the back or the degree of disability by reason of the hernia. It is speculation whether the hernia and its effect were the principal basis of the opinion of the doctor as to disability or how much or how little importance he placed upon it. The evidence to warrant an award in this kind of a case must be more than conjecture or speculation. The history given the doctor was, with the exception of the hip injury, at variance with what the claimant had said about the accident and the effect upon him on prior occasions.

Examination by Dr. Johnson of appellant was about one month after Dr. Schroeder saw him. Dr. Johnson found that whatever disturbance there was in the bones and joints of the spine was not the result of trauma but was the result of infection or degeneration, a gradual

chronic disease often aggravated by hard work which produces changes in the spine; that it could not be connected up with the accident because there was nothing suggestive of that; that what osteoarthritis he had was of long standing; and that he "probably has had an arthritic spine for a minimum of five years."

Any right of recovery in this case is statutory and the burden is on the claimant to establish the facts essential to an award. An award of compensation may not be based on possibility, probability, or conjectural or speculative evidence. Miller v. Schlereth, 152 Neb. 805, 42 N. W. 2d 865; Hamilton v. Huebner, 146 Neb. 320, 19 N. W. 2d 552, 163 A. L. R. 1. It is the rule that on appeal to this court in a workmen's compensation case it must be determined de novo upon a consideration of the record but in such a case if the evidence is in irreconcilable conflict the court may upon a trial de novo consider the fact that the district court gave credence to testimony of some witnesses rather than contradictory testimony of other witnesses. Tucker v. Paxton & Gallagher Co., 153 Neb. 1, 43 N. W. 2d 522; Meester v. Schultz, 151 Neb. 614, 38 N. W. 2d 739.

The temporary total disability of appellant resulting from the accident of July 23, 1948, did not continue beyond the 21st day of January 1949, and the permanent disability of appellant resulting from the fracture of his right leg in the accident did not exceed 10 percent.

Appellant contests the findings of the district court that he did not sustain a hernia of his right side in the accident of July 23, 1948. He testified at the trial in district court that he had a hernia; that he first noticed it when he got out of bed at the hospital and took a bath; that he called it to the attention of Dr. O'Donoghue and he advised appellant to secure and wear a truss until the hernia was corrected; that it was on his right side; and that he did not have a rupture on that side and never wore a truss before the accident. He denied that he testified before the compensation court in this

case that he wore a truss before the accident; that he had a truss on that had to be and was removed from his body after the accident; or that he had purchased a truss in a drugstore in Hastings.

The trial of the case was adjourned and the testimony of Albert Arms, one of the judges of the compensation court who heard and decided this case therein, was produced. It was that appellant when examined under oath testified he was wearing a truss for a hernia at the time of the accident; that he bought the truss in Hastings; and that he was ruptured about the middle of June 1948. There was evidence that appellant was wearing a truss when he was taken to the office of a doctor the day of the accident and that it was taken off of him when he was undressed in the office. The evidence further was that it was worn for a hernia and that it was "pretty well worn." Dr. Johnson stated that appellant told him that he developed a right inguinal hernia a short time before the injury to his right hip.

Appellant was examined again during the trial after the testimony of Judge Arms had been taken and he then stated that he had an injury to his left side in June of 1948; that he thought his injury was a rupture; that he went to Hastings, bought a truss, put it on, and wore it until it was taken off after the accident on July 23, 1948; and that the hernia he claims compensation for in this case is on the right side.

Appellant within one month testified in the district court to opposite statements concerning the hernia. He gave oath to a third version in the compensation court. An appropriate and sufficient comment here is that courts are not required to permit a litigant to play fast and loose with the processes of the court by insisting at different times under oath on the truth of each of two or more contradictory versions according to the necessities of the particular occasion presenting itself. Gohlinghorst v. Ruess, 146 Neb. 470, 20 N. W. 2d 381; Peterson v. Omaha & C. B. St. Ry. Co., 134 Neb. 322, 278

N. W. 561; Ellis v. Omaha Cold Storage Co., 122 Neb. 567, 240 N. W. 760. Conduct of this kind merits neither toleration nor reward. It is concluded that the evidence fails to show that appellant suffered a hernia or any aggravation thereof as a result of the accident of July 23, 1948.

The cross-appeal contests the order of the district court requiring appellees to furnish and pay the expense of hospitalization and surgery for the repair of the hernia of appellant, for the removal of the steel plate placed in his right leg at the time of the operation for the reduction of the fracture, and to pay appellant compensation during the period of his hospitalization and convalescence incident to the surgery.

What has been said herein about the evidence concerning the hernia by appellant is sufficient for a determination that the appellees are not responsible or liable for any expense required for the repair of the hernia. There is a failure of evidence that it is necessary or desirable to remove the plate from the right leg of appellant. There is convincing evidence that it is not. The suggested evidence to the contrary is exhibit M. The offer of this was objected to and the exhibit should have been refused. It was not identified and no foundation is shown for its admission in evidence. The rule that only competent evidence is admissible over objection applies in a compensation case. Chambers v. Bilhorn, Bower & Peters, Inc., 145 Neb. 277, 16 N. W. 2d 173; Hamilton v. Huebner, *supra*. The cross-appeal should be and it is sustained.

The issue in this case is the nature and extent of the disability of appellant caused by the accident of July 23, 1948, and the amount of unpaid recoverable expenses incurred by him as an incident of his disability. All other essential matters are admitted in the record. Appellant should be awarded $393.29 in addition to the payments of $461.71 made to him by appellees as compensation for his disability and $107.44, the balance of

expenses incurred by him because of the accident, or a total award of $500.73.

The part of the judgment of the district court in favor of the appellant and against the appellees for the amount of $500.73 should be and it is affirmed. The judgment of the district court in all other respects and as to all other matters should be and it is reversed; that all costs accrued in the district court should be and they are taxed to appellees; and that the costs in this court should be and they are taxed to appellant.

AFFIRMED IN PART AND
REVERSED IN PART.