IRENE M. MURRAY, APPELLANT, v. NATIONAL GYPSUM COMPANY ET AL., APPELLEES.

70 N. W. 2d 394

Filed May 20, 1955. No. 33767.

*Bryant & Christensen,* for appellant.

*Cline, Williams, Wright & Johnson,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The subject of this controversy is a claim for disability benefits by virtue of the Workmen's Compensation Act of Nebraska.

Appellant asserted that she was employed by the National Gypsum Company, hereinafter spoken of as appellee, as a rocket packer at Mead; that on or about December 27, 1952, she received an injury to her left shoulder in an accident arising out of and in the course of her employment; that the injury and disability caused thereby totally prevented her from performing any of the duties of her employment; and that she necessarily incurred liability for medical, surgical, and hospital services.

Appellees admitted the employment of appellant at

the time and in the capacity alleged by her, denied all other claims made by appellant, and specially denied that she sustained any accident, injury, or disability arising out of and in the course of her employment by the National Gypsum Company.

The compensation court denied the claim of appellant. A rehearing was waived and an appeal was taken by appellant to the district court. The trial in that court resulted in a finding that appellant had not established that she sustained an injury in an accident arising out of and in the course of her employment and an adjudication denying her any recovery. This appeal contests the correctness of the finding and judgment of the trial court.

The issue as the cause is submitted to this court is whether or not appellant sustained disability from an injury inflicted by an accident arising out of and in the course of her employment by appellee within the meaning of the Workmen's Compensation Act.

Appellant was employed by appellee for the period commencing March 6, 1952, through January 3, 1953. Her compensation was $1.68 an hour. The work week was 40 hours. Her physical condition was normal when she accepted the employment. She was then about 50 years of age. Appellant was assigned to work on what was designated line 4 in September 1952, and she continued to perform the duties of this assignment for a period of about 6 weeks until sometime in November 1952. She was stationed at a table where she performed her duties. She was classified as a rocket packer. The operation with which she was concerned consisted of stopping a box with its contents weighing about 30 pounds being transported on a conveyor belt to the table where she was located. The box had to be stopped while she put packing in it and a top on it. She then released the box and it moved forward down the line. There was no brake or other apparatus furnished to stop or release the box. The frequency of the arrival

of boxes was such that appellant could not complete her operation as to one of them before others arrived, and she stopped them by grasping the box nearest her and twisting it cornerwise in the trough along which it was moving until two of its corners would jam against the sides of the trough or she would stop the box with her shoulder and insert a stick of wood in front of it. Numerous boxes would frequently build up behind the one that had been stopped and anchored, and to release the jam appellant would push against them with her left shoulder or other parts of the left side of her body. There were jars and strains experienced in these contacts and black and blue marks appeared on her body. The presence of these were not all at one time but were from day to day in the early part of her labors in this capacity. The marks on her body disappeared after a period of about 10 days.

Appellant experienced pain in her left arm but the time of its origin is not established. It was not continuous but was described as something that built up and got worse with the passage of time. The boxes moved and were handled in the same manner each day during about 6 weeks from sometime in September until November 1952. The operations were routine. There was no unusual happening experienced in connection with or during any operation that appellant was concerned in during this period.

Appellant discontinued the duties as rocket packer on line 4 sometime in November 1952, and was given and she performed lighter work until December 27, 1952. That date she suffered severe pain in her left shoulder and arm. She had difficulty changing into her work clothes or uniform when she arrived at the location of her employment, but she worked a part of the day and then reported to first aid and later to the hospital on account of her acute condition. She has since been totally or partially disabled. Her employment with appellee was discontinued January 3, 1953.

When appellant was at the hospital December 27, 1952, she complained only of pain in her left shoulder and arm, and made no claim of having been injured in an accident or any unusual happening. An examination of her made by a doctor in the presence of a nurse did not discover any evidence of injury. There was no discoloration of her shoulder or body. Appellant could not move her shoulder or body without very severe pain. She thought then and now contends that the work she did involving the rocket boxes was the cause of her disability. She consulted Dr. C. Fred Ferciot of Lincoln on January 7, 1953. He saw and treated her until August 18 of that year. She gave him no history of an accident or injury. She told the doctor she did not have any acute disability until Saturday, December 27, 1952. He examined her January 7, 1953, and found no discoloration and no surface evidence of injury, abrasions, or contusions. There was an X-ray examination and it produced no indication of fracture or dislocation but it did show some decalcification at the upper end of the humerus that was localized in such a way as is often seen when any acute irritation is present in the region of the shoulder joint. The doctor said that no injury accounted for her condition at the time he first saw her but that repeated injuries as a result of strains, that could not be referred to as accidents but were actually things having to do with her occupation, did result in this type of development, and that her age of about 50 years was also a factor which could lead one to believe that repeated strain of the type she had experienced did probably cause the condition which she had. He said that appellant gave a history of acute irritation of the bursa or the bursas about the shoulder joint and he diagnosed her condition as acute bursitis.

Appellant testified that she had no accident on December 27, 1952. The substance of her testimony in this regard was that she had no accident at any other time

while she was employed by appellee that in any way or manner involved or affected her left arm or shoulder.

A compensable injury within the provisions of the Workmen's Compensation Act is one caused by an accident arising out of and in the course·of the employment. An accident within the act is an unexpected or unforeseen event happening suddenly and violently and producing at the time objective symptoms of injury. An employee claiming the benefit of the act must, to succeed, show by the greater weight of the evidence that an accident occurred within the meaning of the act. Knudsen v. McNeely, 159 Neb. 227, 66 N. W. 2d 412; Seger v. Keating Implement Co., 157 Neb. 560, 60 N. W. 2d 598; Rahfeldt v. Swanson, 155 Neb. 482, 52 N. W. 2d 261; Ramsey v. Kramer Motors, Inc., 155 Neb. 584, 52 N. W. 2d 799; Beam v. Goodyear Tire & Rubber Co., 152 Neb. 663, 42 N. W. 2d 293.

An award of compensation under the Workmen's Compensation Act may not be based on possibilities, probabilities, or speculative evidence. An action for recovery of benefits by virtue of the Workmen's Compensation Act is on an appeal to this court tried de novo. Rahfeldt v. Swanson, *supra.*

There is an absence of proof that appellant received an injury resulting from an accident within the requirements of the Workmen's Compensation Act. There is no evidence tending to show that there was an unexpected and unforeseen event happening suddenly and violently that produced at the time objective symptoms of an injury. The proof is to the contrary that nothing unusual happened and that appellant performed her duties in the only way they could have been done. An injury resulting from exertion ordinarily incident to the employment is not sufficient to constitute an accident within the meaning of the Workmen's Compensation Act. Foster v. Atlas Lumber Co., 155 Neb. 129, 50 N. W. 2d 637; Anderson v. Cowger, 158 Neb. 772, 65 N. W. 2d 51. Appellant failed to establish the first requisite for

the recovery of benefits under the Workmen's Compensation Act.

The judgment should be and it is affirmed.

AFFIRMED.