404

Wesley Jones, appellee, v. Yankee Hill Brick Manufacturing Company et al., appellants.

73 N. W. 2d 394

Filed December 9, 1955. No. 33861.

*Davis, Healey, Davies & Wilson* and *Kenneth Cobb,* for appellants.

*Richard O. Johnson,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

CHAPPELL, J.

Plaintiff, Wesley Jones, sought in this action to recover benefits under the provisions of the workmen's compensation law. Defendant Yankee Hill Brick Manufacturing Company was his employer and defendant Employers Mutual Liability Insurance Company of Wisconsin was his employer's compensation insurer. After a hearing by one of the judges of the workmen's compensation court, plaintiff's petition was dismissed upon the ground that plaintiff had failed to meet the burden of proof required by law to establish by a preponderance of the evidence that the condition of which he complained resulted from an accident as defined by section 48-151, R. R. S. 1943. Thereafter plaintiff filed a waiver of rehearing and notice of appeal to the district court for Lancaster County. Therein issues were joined by pleadings filed by the respective parties, and trial de novo was had whereat evidence was adduced. Thereafter the trial court rendered a judgment which vacated and set aside the order of the workmen's compensation court dismissing plaintiff's petition, and found and adjudged the issues generally in favor of plaintiff and against defendants. The amount and duration of payments of compensation required by the judgment we deem it unnecessary to set forth.

Subsequently, defendants' motion to vacate the judgment and for new trial was overruled and defendants appealed, assigning in substance that the judgment was not sustained by the evidence but was contrary thereto and contrary to law. We sustain the assignments. In that regard, defendants made and argued other assignments but they require no discussion in order to dispose of the case upon its merits.

Well-established rules of law have application and are controlling here. As recently as Murray v. National Gypsum Co., 160 Neb. 463, 70 N. W. 2d 394, a case comparable with that at bar, we reaffirmed that: "An appeal to this court in a workmen's compensation case is

considered and determined de novo." In such case we also held that: "A compensable injury within the Workmen's Compensation Act is one caused by an accident arising out of and in the course of the employment.

"An accident within the Workmen's Compensation Act is an unexpected and unforeseen event happening suddenly and violently and producing at the time objective symptoms of injury.

"An employee claiming the benefit of the Workmen's Compensation Act must, to succeed, show by the greater weight of the evidence all the essential elements of an accident as that word is defined in the act.

"An award of compensation under the Workmen's Compensation Act may not be based on possibilities, probabilities, or speculative evidence.

"A mere exertion, which is not greater than that ordinarily incident to the employment, cannot of itself constitute an accident within the meaning of the Workmen's Compensation Act."

Also, in Chiles v. Cudahy Packing Co., 158 Neb. 713, 64 N. W. 2d 459, we held that: "The burden of proof is upon the claimant in a compensation case to establish by a preponderance of the evidence that personal injury was sustained by the employee by an accident arising out of and in the course of his employment.

"The rule of liberal construction of the Workmen's Compensation Act applies to the law, not to the evidence offered to support a claim by virtue of the law. The rule does not dispense with the necessity that claimant prove his right to compensation within the rules above set out, nor does it permit a court to award compensation where the requisite proof is lacking."

In Cole v. Cushman Motor Works, 159 Neb. 97, 65 N. W. 2d 330, we reaffirmed the foregoing rules and said, quoting with approval from Anderson v. Cowger, 158 Neb. 772, 65 N. W. 2d 51: " 'Such facts must be proved by the claimant by sufficient evidence leading to the direct conclusion, or by a legitimate legal inference

therefrom, that such an accidental injury occurred and caused the disability. There must be shown a causal connection between the accident suffered by the claimant and the cause of his disability.' "

In Tucker v. Paxton & Gallagher Co., 153 Neb. 1, 43 N. W. 2d 522, we held that: "A plaintiff in a workmen's compensation action is entitled to recover an award if he has shown by a preponderance of the evidence that he has sustained injury resulting from an accident arising out of and in the course of his employment even if preexisting disability combined to produce his disability."

However, in Foster v. Atlas Lumber Co., 155 Neb. 129, 50 N. W. 2d 637, a case comparable with that at bar, this court specifically reaffirmed that: "Mere exertion, which is not greater than that ordinarily incident to the employment, which combined with pre-existing disease produces disability, does not constitute a compensable accidental injury."

Cases relied upon by plaintiff are generally distinguishable upon the facts and applicable law. To discuss them more fully here would serve no purpose.

In the light of such rules, we have examined the record which without dispute substantially discloses the following pertinent facts: Prior to June 29, 1954, plaintiff had been employed by defendant Yankee Hill Brick Manufacturing Company for about 7 years. He was classified as a shader of tile and brick manufactured by defendant in its plant southwest of Lincoln and adjacent to Pioneer Park. Plaintiff earned about $70 per week measured by piece work. When bricks and tile came out of the kiln they had to be shaded out in various colors dependent upon the type of clay used in manufacturing them. Accordingly, a shader assorted the brick and tile. On June 29, 1954, about 2:30 p. m. plaintiff was working in kiln No. 1 while engaged in picking up and putting 3 by 12 by 12 inch hollow tile, weighing 7 or 8 pounds each, on a conveyor. It was one of his usual duties. In doing so he customarily bent

or stooped over and picked up two tile in each hand, then straightened up, and turning or twisting his body around, carried the tile about 10 feet while walking on loose brick, covered with sand, and deposited the tile on a conveyor. While so working he went back to get some more tile. Bending over, he picked them up and started back to the conveyor when a sudden pain shot up his back into his head and right arm, and he dropped the tile solely because of the pain. He did not slip or fall in any manner on the loose brick upon which he was walking, or otherwise.

While so working as a shader and performing his usual duties, he had to be continuously in every position, bending and twisting all the time, and the twisting referred to by plaintiff was simply turning his body in bending over, picking up the tile, and setting them down again on the conveyor. Plaintiff did not know what brought on his trouble, but it was caused by his work that day which was an ordinary day except it was hotter than usual. The work that day was the same as it had always been and the twisting or bending of his body was not different than at any other time.

Previously, on August 7, 1953, plaintiff had a minor trouble and pain in his neck while shading common brick, but upon being treated by a chiropractor he felt pretty good up until June 29, 1954, when it recurred with more violence.

After experiencing the pain on June 29, 1954, plaintiff went outside to rest and get a drink of water, after which he resumed work but was bothered by pain for the rest of the day. The next morning, on June 30, 1954, he returned to work but was unable to perform it, so defendant's manager and superintendent, one and the same person, sent him to an orthopedic physician and surgeon who testified for plaintiff. There plaintiff gave a history and received a clinical and X-ray examination. The substance of the history was that while plaintiff was at work for defendant and engaged in his normal duties

lifting rather heavy loads, he noticed an acute pain in his neck area and right shoulder while lifting a brick load. Plaintiff gave no history of an accident of any kind either to the orthopedist or plaintiff's employer or defendant's insurer, although he gave statements to all of them. There was no competent evidence from which it could be concluded that an unexpected and unforeseen event happening suddenly and violently caused plaintiff's pain and claimed disability. Rather, plaintiff simply suffered a sudden pain and disability while performing his ordinary duties. It was the result of mere exertion no greater than that ordinarily incident to his employment. His trouble was diagnosed on June 30, 1954, as a lordosis or slight forward curvature of the spine and a degenerative sclerotic change in the area of the fifth and sixth cervical vertebrae, a condition which was not of recent origin, not something that had been caused a day or two or a week previous to June 29, 1954, but had been present for some months before plaintiff experienced the pain about which he complained on June 29, 1954. In that regard, the orthopedist testified that the bending, turning, and twisting of plaintiff's body and the lifting of such bricks in performing his ordinary duties could aggravate plaintiff's already existing condition. He testified with reference to the cervical spine that plaintiff had about a 25 or 30 percent disability and explained that he had recommended and prepared a collar-like brace for plaintiff to wear in order to prevent any extra burden on plaintiff's cervical spine.

Plaintiff did no work from June 29, 1954, to September 25, 1954, after which he returned to his employment with defendant, doing lighter work, and has since missed only a day or two a week. Defendants at all times denied any legal liability, and plaintiff brought this action.

In the light of the evidence and rules heretofore set forth, we conclude that plaintiff failed to meet the burden of proof as required by law to establish by a

preponderance of the evidence that the disability of which he complained resulted from an accident arising out of and in the course of his employment.

Therefore, the judgment of the trial court should be and hereby is reversed and the cause is dismissed at plaintiff's cost.

REVERSED AND DISMISSED.