OREN DAVID GREEN, APPELLANT, v. BENSON TRANSFER COMPANY, APPELLEE.

113 N. W. 2d 61

Filed January 26, 1962. No. 35131.

*Ross & O'Connor,* for appellant.

*Joseph H. McGroarty* and *Albert C. Walsh,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from a judgment of dismissal in a workmen's compensation case. The evidence indicates that plaintiff is suffering from an injury which resulted in a surgical operation for a hernial condition. The only question presented is whether or not the disability was the result of an accident arising out of and in the course of the employment.

The plaintiff was employed by the defendant as a truck driver in March or April 1958. On May 2, 1960, he and one McCoy, a fellow employee, were engaged in the transportation and delivery of a quantity of furniture. Included in the furniture was a hide-a-bed, an article of furniture similar to a davenport. It was 80 inches in length and weighed between 500 and 550 pounds. It was the practice in cases such as the instant case to place and tighten a heavy strap around the middle of the hide-a-bed to hold it together and prevent it from flopping over during handling. Plaintiff and McCoy lifted the hide-a-bed to their knees, then turned it so that the back was parallel with the floor of the truck to more conveniently handle it. As they turned the hide-a-bed it fell open, until restrained by the tightened strap. It is the testimony of plaintiff that, as the hide-a-bed thus shifted its weight, he felt a burning sensation in the groin on his lower left side. He reported the incident to McCoy after the hide-a-bed was deposited in the home, and to defendant's supervisor upon return to the warehouse. It is not disputed that plaintiff had a hernial operation resulting in loss of time and in medical and hospital expenses.

Plaintiff testified that he had handled hide-a-beds at least a dozen times during the previous 18 months of his employment. He knew that hide-a-beds were prone to flop open and it was for that reason that the strap was used. He stated that they always open up to the extent permitted by the strap, but that it was never known as to the precise time when it would occur. Because

of this uncertanty plaintiff contends that it was an unexpected and unforeseen event happening suddenly and violently, within the meaning of section 48-151, R. R. S. 1943.

Under the evidence adduced, plaintiff's injury resulted from work incident to his employment. It falls within the rule announced in Jones v. Yankee Hill Brick Manuf. Co., 161 Neb. 404, 73 N. W. 2d 394, which is to the effect that mere exertion, which is no greater than that ordinarily incident to the employment, cannot of itself constitute an accident within the meaning of the workmen's compensation law. In the instant case the incident claimed to be an accident was not only common to the employment but it was recognized as such when means were taken by the use of a strap to limit the shifting of the weight in carrying the hide-a-bed.

Plaintiff relies on Gilbert v. Metropolitan Utilities Dist., 156 Neb. 750, 57 N. W. 2d 770. While the case is somewhat similar on its facts, it is distinguishable. In that case the claimant and two other employees were lifting a stove with claimant on the light end and the other two on the heavy end. One of the two employees lifted too quickly and too high, causing the stove to wobble and shift its weight to the claimant as he commenced to lift his end of the stove. An injury to claimant's back was sustained at that time. We point out that the injury was the result of unusual handling by a fellow employee, and constituted an accident within the meaning of the workmen's compensation law. In the case presently before the court the shifting of the weight was usual and expected, and a common incident of the employment.

Upon a consideration of all the evidence de novo, we concur with the finding of the trial court that there was no compensable accident.

AFFIRMED.

SIMMONS, C. J., participating on briefs.