KELLEY W. TUCKER, APPELLEE, V. PAXTON & GALLAGHER COMPANY, A CORPORATION, APPELLANT.
43 N. W. 2d 522

Filed July 6, 1950. No. 32754.

(1)

*Kennedy, Holland, DeLacy & Svoboda* and *Edwin Cassem,* for appellant.

*Charles A. Nye, William Comstock,* and *Schall, Robinson, Hruska & Garvey,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This case was previously considered by this court in 152 Neb. 622, 41 N. W. 2d 911, and on the record as at that time presented it was held that the merits of the case could not be determined since the defendant and appellant had consented to the overruling of the motion for new trial. The ruling on the motion for new trial presented the only question for review, if any was presented.

By leave of this court the appellant was permitted to present to this court a supplemental transcript. This supplemental transcript discloses a nunc pro tunc order of the district court which shows that the defendant did not consent to the overruling of the motion for new trial but that it was regularly ruled on adversely to the defendant.

Under the circumstances the decision contained in the former opinion is hereby withdrawn and the case will now be considered on its merits.

This is an action by Kelley W. Tucker, plaintiff and appellee, against Paxton & Gallagher Company, a corporation, defendant and appellant, to recover under the Workmen's Compensation Act for alleged accidental injuries sustained by plaintiff on May 17, 1948, while he was engaged as an employee of the defendant. A judge of the workmen's compensation court, on hearing, dis-

missed the action. From the dismissal an appeal was taken to the district court where a trial was had. In the district court an award was rendered in favor of plaintiff for $18 a week for 55 weeks for temporary total disability and for $201.20 for medical and hospital expense. From this award the defendant has appealed.

The only question presented by the appeal is that of whether or not the plaintiff sustained an accident which produced the disabilities of which he has complained. The propriety of the amount of the award in the event that it is found that the plaintiff sustained a compensable injury is not brought into question.

In approaching a determination of the questions involved in this appeal it is to be borne in mind that the function of this court is to consider the case de novo unless it be concluded that the findings of fact are conclusively supported by the evidence as disclosed by the record. § 48-185, R. S. 1943; Werner v. Nebraska Power Co., 149 Neb. 408, 31 N. W. 2d 315; Solheim v. Hastings Housing Co., 151 Neb. 264, 37 N. W. 2d 212.

An examination discloses that the findings of fact may not be said to be conclusively supported by the evidence. In substantial particulars competent and material evidence is sharply conflicting. It has therefore become necessary to consider the case de novo on the record.

The evidence discloses that the plaintiff was first employed by the defendant on August 6, 1947. He was continuously employed from that date until May 17, 1948, except for periods when he was away on account of illness. He had no regular type of employment but his work over the entire period was in the coffee warehouse. On March 29, 1948, he entered a hospital on account of a kidney infection. He remained there until April 12, 1948, when he went home. He stayed at home for a week and then on April 19, 1948, returned to work. On May 10, 1948, he got sick and went home. He returned to

work on May 14, 1948. As to this phase of the evidence there is no dispute.

The plaintiff testified that at about 8:30 a. m. on May 17, 1948, he was engaged in dumping paper sacks of empty coffee cans into a conveyor. A sack such as he was handling at the time contains 140 cans and weighs from 50 to 60 pounds. The bag which he was lifting broke or tore. He grabbed the bag to keep it from falling apart and at that time he had a terrible pain. At different points in the record it is indicated that the pain was in his hip, back, and legs. He dropped to his knees and was unable to arise. He went or was taken to another floor of the building. From there he was taken in an ambulance to the hospital. This evidence is not directly disputed or by reasonable inference counteracted. It must therefore be accepted as true.

The plaintiff contends that this evidence constitutes proof of an accident within the definition of the term by the Workmen's Compensation Act as follows: "The word 'accident' as used in this act shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." § 48-151, R. S. Supp., 1949.

. It must be said that this evidence of the plaintiff satisfies the statutory requirements of the definition of an accident.

As pointed out the evidence of the defendant does not in anywise dispute or counteract the evidence of accident. Its substantial contention, when analyzed, is not that there was no accident but that the finding of compensatory injury is not sustained by the evidence. It relies for support of its position upon its own evidence, claimed inconsistency in the evidence of plaintiff, and claimed contradictory statements made before the trial which statements were adduced in evidence at the trial.

As to the question of whether or not plaintiff sustained

the injury complained of in consequence of the accident he testified, in addition to what has already been summarized, that he remained in the hospital for about 12 days under the care of Dr. Dendinger and that he was examined by a specialist; that he received heat treatments and shots for pain; that after 12 days he went home and to bed for about a month; that at home he received treatments on his back; that after about a month he went to see his doctor and the specialist who saw him at the hospital; that he started wearing a brace in September which he was still wearing at the time of the trial; that treatments were continued at the office of the doctor; that he had continuous severe pain in his legs and back from May 17, 1948, until about January 1949 when he went to the Creighton University Medical Clinic where he became a patient in charge of an orthopedic surgeon; that after examination and X-rays this surgeon on January 31, 1949, performed a surgical operation on his back; that he left the hospital and went home about February 15, 1949; that since the operation he has numbness in the left leg from the knee down and the left foot; that he does not have a lot of pain but has some across his hip; and that at the time of the trial he was still unable to work. In his testimony he gave a history of having been hospitalized on March 29, 1948, for prostate trouble and a kidney infection and that he returned to work April 19. He was home sick on May 10, 1948, and away from work until May 14. He had poliomyelitis in 1939, but appears to have satisfactorily recovered from that disease. Other incidents relating to the health of plaintiff were testified to by him but the relation of them is not deemed important.

The orthopedic surgeon referred to testified that the plaintiff came under his charge on January 15, 1949; that plaintiff exhibited symptoms of severe pain in his back radiating down his left leg; that he made a thorough examination of and applied certain tests to plaintiff; that he obtained a history of his condition from plaintiff and

had detailed to him the accident which has been described; and that in the light of these things he found a deformity in the spinal cord and diagnosed the condition as a herniated disc.

This surgeon testified that on January 31, 1949, he operated on plaintiff and that in the space between the fourth and fifth lumbar vertebrae he found and removed a small disc. In the space below this point he found bone protuberances which were curetted.

The doctor gave it as his opinion that the condition which he found was the result of injury sustained in the accident in which plaintiff was involved on May 17, 1948.

On cross-examination the surgeon gave testimony that between the fourth and fifth lumbar vertebrae he found adhesions around the fifth lumbar nerve root probably caused by an old inflammatory condition. The effect of his testimony was to say that the condition was surgically relieved.

A general surgeon was called to testify on behalf of the defendant. He examined plaintiff on June 8, 1948, November 2, 1948, and April 4, 1949. The first two examinations were made before the operation. On June 8 he obtained a history from plaintiff and made an examination. The history and findings were not materially different than the history given to the operating surgeon and the findings made by him prior to the operation.

Based on the history given to this general surgeon by the plaintiff, additional history related at the trial; his examinations, information as to the findings made when the operation was performed, and the results flowing therefrom, he gave it as his opinion that plaintiff's condition did not flow from the accident of May 17, 1948. He did not dispute the existence and removal of the disc but concluded that this was not the cause of the disability. Inferentially at least it was his position the disc had no causal connection with what occurred

on May 17. Again inferentially at least it was his conclusion that the occurrence of May 17, 1948, flowed from a general debilitated condition and faulty nerve functioning caused by the adhesions testified to by the operating surgeon.

The witness gave no opinion as to the cause of the collapse on May 17. The reasonable inference to be drawn from his testimony is that what happened was that on account of a weakened and a diseased body endurance gave way.

Substantially the defendant says that this evidence of its witness together with the findings of the operating surgeon of adhesions as described and claimed contradictory statements made before the trial hereinbefore mentioned defeat a claim of accidental injury.

The statements which it is contended contradict the evidence given at the trial are contained in a written instrument prepared by one Donald T. Fox from information given by plaintiff. It was signed by plaintiff.

The instrument among other things gives a history of plaintiff's condition before and at the time of the accident. It described the kind of work engaged in by plaintiff and relates what occurred on May 17, 1948.

The statement consists of 15 paragraphs. The first important point of claimed contradiction appears in the fifth paragraph. It is substantially contended that the following contradicts a claim that the plaintiff sustained an accidental injury:

"I worked along on this job. Nothing happened in particular that I can remember. I did not slip or fall or have an accident but about Wednesday May 5 I noticed for the first time a pain in my left hip. It didn't seem to (sic) bad. It hurt me worse when I was stooping over to pick something up or walking up the stairs. When I picked up something where I didn't have to stoop it wasn't so bad. The rest of that week went along that way. * * *."

Obviously from the tenor of this and its position in

the statement this quoted portion has no relation to the date of the accident. The pain thus described was before the date of the accident. The evidence of severe pain appearing in the testimony relates to the time following the accident and not to this portion of the statement. It may be said that there was some contradiction between this statement and the testimony given at the trial but it cannot be said that it was sufficient to destroy its weight and probative value.

Evidence of pain before May 17 has a bearing on the question of whether or not this was an accidental injury or simply the end result of preexisting degenerating conditions.

The ninth and tenth paragraphs of the statement refer specifically to what occurred on May 17. These do not conflict in any material particular with the testimony given on the trial in this respect. They are in part as follows:

"About 8:30 this Monday morning while I was picking up one of these sacks or bags of cans from the floor to empty into the chute I got a terrible pain in my left hip. It was so severe I had to drop on one knee to the floor and I was unable to straighten up.

"I had to quit right away. I was in such terrible pain I was half crazy with it. * * *."

The next claimed contradiction appears in the fourteenth paragraph. It is as follows: "I did not slip or fall while on the job at Paxton-Gallagher. This day Monday May 17 when I got this terrible pain in my left hip while stooping over to pick up this bag of cans I did not slip or jar myself in any way. I just figure that I was in too weakened condition after my kidney trouble to do any work of that kind."

What is contained here is not exactly what was stated in this respect in plaintiff's testimony but viewed practically it may not be said that it is a material departure. The substance of what he said on all occasions with regard to the pain was that while he was attempting

to lift the bag of cans the seizure came upon him.

It is substantially urged that the statement: "I just figure that I was in too weakened condition after my kidney trouble to do any work of that kind," defeats his right to assert an injury as the result of the accident.

That contention is without legal basis. Whether or not he received an injury as a result of the accident could be determined only through scientific investigation and examination, and he as an ordinary layman may not be charged with such obscure knowledge. Any statement therefore of his with regard to whether or not he sustained the injury complained of as the result of the accident in question may not be considered binding upon him and may not have the effect of defeating the scientific evidence in relation thereto. Flesch v. Phillips Petroleum Co., 124 Neb. 1, 244 N. W. 925; Keenan v. Consumers Public Power District, 152 Neb. 54, 40 N. W. 2d 261.

The defendant urges that the plaintiff has not supported his claim by a preponderance of the evidence. It contends that to the contrary it is equivocal and leaves the relation between the disability and the alleged injury in uncertainty and the realm of speculation.

The burden as contended by the defendant is upon the plaintiff to prove by a preponderance of the evidence that personal injury was caused to the employee by an accident arising out of and in the course of his employment. Bartlett v. Eaton, 123 Neb. 599, 243 N. W. 772; Kuhtnick v. Carey, 124 Neb. 762, 248 N. W. 89; Huffman v. Great Western Sugar Co., 125 Neb. 302, 250 N. W. 70; Hudson v. City of Lincoln, 128 Neb. 202, 258 N. W. 398.

As has been pointed out the accident has been proved beyond peradventure. As to injury the surgeon called by the defendant did speculate as to the cause of plaintiff's condition on and after May 17, 1948. He gave it as his opinion that the disc did not result from the accident. He gave it as his further opinion that plaintiff's pain and disability resulted from nerves involved by the

adhesions found by the operating surgeon. At no point however did he go so far as to say that the happening of May 17, 1948, had no influence upon the condition on that day or thereafter.

On the other hand the evidence of the operating surgeon was definite and positive as to findings and his opinion with regard to causation was positive and unequivocal.

It is true that the evidence shows plaintiff was not a strong and robust person. In truth it shows that he had physical afflictions from which it is easy to say that he was a person readily susceptible to disease and injury but this condition constitutes no bar to a right of recovery for accidental injury under the Workmen's Compensation Act. He has the right to have his award sustained if he has shown by a preponderance of the evidence that he sustained an injury, resulting from an accident arising out of and in the course of his employment even if preexisting disability combined to produce his disability. Gilcrest Lumber Co. v. Rengler, 109 Neb. 246, 190 N. W. 578, 28 A. L. R. 200; Yakal v. Henkle & Joyce Hardware Co., 145 Neb. 365, 16 N. W. 2d 531; Sporcic v. Swift & Co., 149 Neb. 246, 30 N. W. 2d 891.

The conclusion of this court is that the plaintiff has sustained the burden of proving an accident and compensable injury within the meaning of the Workmen's Compensation Act.

The decree of the district court is affirmed and an attorney's fee in the amount of $250 is allowed for services in this court.

AFFIRMED.