HELEN G. HAHL, APPELLANT, v. WILLARD HEYNE, DOING BUSINESS AS HILLSIDE DAIRY, APPELLEE.

57 N. W. 2d 137

Filed February 20, 1953. No. 33257.

*Rohn & Rohn* and *Cook & Cook,* for appellant.

*Spear & Lamme,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The plaintiff, Helen G. Hahl, claims benefits under the Workmen's Compensation Act for an injury alleged to have been sustained while in the employ of the defendant, Willard Heyne. The trial court found against the plaintiff and she appeals.

Plaintiff was a married woman approximately 25 years of age at the time of the accident on February 16, 1951. The defendant carried on a business known as the Hillside Dairy. He became the owner of a business known as the Dairy Bar at Hooper, Nebraska, and entered into an arrangement whereby plaintiff was to manage this latter business. Plaintiff contends that she was an employee, but defendant asserts that she was a partner. In view of the conclusions we have reached, a determination of this issue is not necessary to a decision of the case.

The record shows that two places of business were operated in the building housing the Dairy Bar. The left side of the building was occupied by the Dairy Bar and the right side by a grocery store. Each had a separate entrance but there was a common entranceway extending from the sidewalk to the doors of the two

stores. The floor of the entranceway sloped slightly up from the sidewalk to the doors, the same being a distance of approximately 3 feet.

On the morning of February 16, 1951, shortly after 7 a. m., plaintiff parked her car in front of the Dairy Bar. There was ice on the sidewalk which extended a small distance into the entranceway. Plaintiff got out of her car, walked to the door of the Dairy Bar, which she unlocked, pushed a box of bread inside, and deposited some parcels on the counter. She started to return to her automobile to bring in some sandwich spread and cookies, which she had prepared at home for use in the Dairy Bar, when she slipped and fell two or three steps outside the door. After the accident she was lying on the sidewalk near the edge of the entranceway.

Dr. C. C. Nelson testified that he attended plaintiff on February 16, 1951, at the hospital immediately following the accident. The history of the accident as revealed by plaintiff showed that she was suffering pain in her back and that she was unable to move her left leg or thigh. He testified that there was no external evidence of injury. Laboratory and X-ray examinations were made, her reflexes were checked, and her reactions to pain were investigated. No organic reason was discovered for her inability to use her left leg. After remaining in the hospital at Fremont for 3 days she was taken to the University Hospital where she remained for examination and observation until March 10, 1951. Dr. Nelson examined her again on March 28, 1951, and came to the definite conclusion that she was suffering from hysterical paralysis. This conclusion is supported by the report of the University Hospital which Dr. Nelson took into consideration. Plaintiff, according to the evidence, had not regained the use of her left leg at the time of trial and was able to get around only by the use of crutches. The final conclusion of Dr. Nelson is that plaintiff has an hysterical paralysis of the left leg

which is the result of a deep emotional condition often referred to as a mental block. He testified further that the paralysis thus existing is just as incapacitating as that induced by traumatic injury and that her disability could be permanent. As to whether the fall was the cause of her condition, Dr. Nelson stated that this might be presumed, although it is unusual for conditions of this type to be accompanied by a history of injury. The most that he would say was that he presumed that the fall might have set off this paralysis.

There is evidence that plaintiff was in an automobile-train accident in 1942 or 1943. There is no contention that this was a direct contributing factor. There is evidence, however, that plaintiff suffered an attack of polio in 1946. This resulted in her left leg being shorter and smaller than the right. She walked thereafter with a limp and suffered occasional numbness and loss of sensation "like when your arm goes asleep when you sit down." There is evidence that after her fall plaintiff's husband came to the Dairy Bar and berated her. This evidence is fragmentary but of some importance in considering the disputed questions of fact in this case. The evidence further shows that plaintiff had her 3-year-old son with her on the morning of the accident and that he had gotten out of the car while she was entering the Dairy Bar. There is evidence that she hurried after the child and fell while in the act of so doing. Other lay evidence was produced tending to show that prior to the accident plaintiff had complained of numbness in her left leg. There is evidence of Dr. Joseph R. Simmons who examined and treated the plaintiff in January 1952. He testified that it was his opinion plaintiff was suffering from an hysterical reaction brought about by an emotional disturbance.

It is fundamental in maintaining a claim for compensation benefits under the Workmen's Compensation Act that it be established that the personal injury upon which it is grounded is caused by an accident arising out of

and in the course of the employment, of which the actual or imputed negligence of the employer is the natural and proximate cause. § 48-101, R. R. S. 1943. The word "accident" as used in the act is defined as an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury. § 48-151, R. R. S. 1943. Admittedly the plaintiff slipped and fell as alleged. The question is whether or not she has established that the fall caused the injuries suffered, or if the fall was the result of hysterical paralysis as contended by the defendant. On this issue the burden of proof is upon the plaintiff to show that the injury was the result of the accident alleged to have arisen out of and in the course of the employment. Shamp v. Landy Clark Co., 134 Neb. 73, 277 N. W. 802; Skochdopole v. State, 133 Neb. 440, 275 N. W. 665.

We do not think the plaintiff established that her left leg was paralyzed as a result of the fall. Her injury is shown by the medical testimony in the record to have been an hysterical paralysis induced by a deep emotional or mental upset. The history of her physical difficulties reveals that she had previously suffered a polio attack which reduced the size of her left leg and produced a pronounced limp. It shows also that she had suffered from a numbness in the leg before the accident, which appears to have been a symptom of the more serious disability which followed. There is no evidence of objective symptoms of an injury. In fact there is no evidence of any connection between the fall and the injuries sustained, other than the time element involved. The most that the medical testimony shows is that the accident possibly contributed to the injury, although it probably did not. The fear for the safety of her young son could well have been the inducing cause of an hysterical or mental upset, causing her disability and bringing about her fall. We have said many times that awards for compensation benefits cannot be based upon

speculation and conjecture. They must be supported by evidence showing that the disability was caused by the accident which has been shown to have arisen out of and in the course of the employment. McCall v. Hamilton County Farmers Telephone Assn., 135 Neb. 70, 280 N. W. 254; Price v. Burlington Refrigerator Express Co., 131 Neb. 657, 269 N. W. 425.

Plaintiff has failed to establish by a preponderance of the evidence that the disability for which compensation benefits are claimed resulted from her fall on February 16, 1951. The trial court having arrived at the same conclusion, the judgment entered in the district court is affirmed.

AFFIRMED.