SETH E. COLE, APPELLANT, v. CUSHMAN MOTOR WORKS, INC., A CORPORATION, ET AL., APPELLEES.

65 N. W. 2d 330

Filed July 16, 1954. No. 33534.

*William L. Walker* and *Earl Ludlam,* for appellant.

*Cline, Williams, Wright & Johnson* and *Charles E. Oldfather,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is a workmen's compensation case appealed from Lancaster County. On April 4, 1949, Seth E. Cole filed a petition in the workmen's compensation court. Therein he alleged that he had, about 11:30 p. m. on December 4, 1947, while an employee of the Cushman Motor Works, Inc., sustained personal injuries by reason of an accident which arose out of and in the course of his employment as a punch press operator that resulted in his being totally and permanently disabled. He further alleged the conditions caused by the injuries were latent and of a progressive nature and did not culminate in compensatory disability until about April 2, 1949, when, because thereof, it became impossible for him to continue working. He asked for compensation accordingly.

The original hearing on this claim was held by one of the judges of the compensation court. It resulted in the claim being dismissed because the judge who heard it found the evidence adduced did not establish the accident produced a disabling injury. Claimant asked for and had a rehearing by the full compensation court. That court found there was an irreconcilable conflict in the testimony of the medical witnesses testifying on behalf of the claimant and that the evidence adduced, as a whole, was insufficient to establish, with any degree of certainty, that the accident produced a disabling injury which would entitle claimant to the benefits of compensation. In view thereof it dismissed the claimant's petition seeking such relief. On appeal to the district court for Lancaster County the judgment of the compensation court was sustained and the appeal dis-

missed. Claimant has appealed to this court from that ruling.

On appeal to this court in a workmen's compensation case the cause will be here considered de novo upon the record. Anderson v. Cowger, 158 Neb. 772, 65 N. W. 2d 51; Gilbert v. Metropolitan Utilities Dist., 156 Neb. 750, 57 N. W. 2d 770; Beam v. Goodyear Tire & Rubber Co., 152 Neb. 663, 42 N. W. 2d 293.

It is either admitted, or established by the evidence adduced, that about 11:30 p. m. on Thursday, December 4, 1947, while employed by the Cushman Motor Works, Inc., a corporation, as a heavy punch press operator, appellant was injured in an accident arising out of and in the course of his employment by being struck on the top of his head by a turnover bar that he had placed in the crank shaft of the machine he was operating to adjust it; that the accident happened just as he started his machine; that the blow made a laceration or gash of about 2 inches in length, located to the left of the midline and in the anterior portion of the scalp, and caused severe bruising and swelling; that he received immediate treatment for the injuries at the employer's first aid station; that the employer continued to provide medical attention for the injury until it was completely healed, which was sometime in February 1948; that the appellant was off duty the following day, December 5, 1947; that he returned to work Sunday night, December 7, 1947; and that thereafter he continued to work up to and including April 1, 1949, failing to show up thereafter. It should be mentioned that during this period he was absent very few days because of sickness.

"In order that a recovery may be had in an action under the workmen's compensation law it must be proved that an accident occurred arising out of and in the course of employment which accident produced injury that resulted in disability or death." Anderson v. Cowger, *supra.*

In this respect the burden of proof is on the claimant

to prove the foregoing by a preponderance of the evidence. Anderson v. Cowger, *supra;* Beam v. Goodyear Tire & Rubber Co., *supra.*

"In considering the sufficiency of the proof it should be remembered the rule of liberal construction, as it relates to the workmen's compensation law, applies to the law and not to the evidence offered to support a claim by virtue of the law. The rule does not dispense with the necessity that claimant prove his right to compensation; that is, it does not permit a court to award compensation when the required proof is lacking." Anderson v. Cowger, *supra.* See, also, Beam v. Goodyear Tire & Rubber Co., *supra.*

"Such facts must be proved by the claimant by sufficient evidence leading to the direct conclusion, or by a legitimate legal inference therefrom, that such an accidental injury occurred and caused the disability. There must be shown a causal connection between an accident suffered by the claimant and the cause of his disability." Anderson v. Cowger, *supra.*

" 'A compensation award cannot be based on possibilities or probabilities, but must be based on sufficient evidence that the claimant incurred a disability arising out of and in the course of his employment.' Hassmann v. City of Bloomfield, *supra* (146 Neb. 608, 20 N. W. 2d 592)." Beam v. Goodyear Tire & Rubber Co., *supra.* See, also, Hahl v. Heyne, 156 Neb. 599, 57 N. W. 2d 137.

Appellant would be entitled to an award if he has shown by a preponderance of the evidence that he sustained an injury, resulting from an accident arising out of and in the course of his employment, that resulted in disability even though a preexisting physical condition he had combined therewith to produce such disability. Gilcrest Lumber Co. v. Rengler, 109 Neb. 246, 190 N. W. 578, 28 A. L. R. 200; Yakal v. Henkle & Joyce Hardware Co., 145 Neb. 365, 16 N. W. 2d 531; Sporcic v. Swift & Co., 149 Neb. 246, 30 N. W. 2d 891;

Tucker v. Paxton & Gallagher Co., 153 Neb. 1, 43 N. W. 2d 522.

At the time the accident happened appellant was sitting on a stool directly in front of his machine. He testified the force of the blow pushed him down in the seat in which he was sitting and resulted in his head, neck, and spine being crushed downward; that he immediately thereafter started having severe headaches, and pains in his neck and across the base of his head; that these pains started going down his spine until, in June 1948, they reached his lower back; that he developed a nervous condition; that he started walking with a limp; that he could not walk properly, stoop, or rest at night; and that because of these conditions which had developed as a result of the accident he had to quit his work because he was not physically able to do it. He testified he has not worked since he failed to report for work on April 2, 1949.

Appellant produced the testimony of medical experts to the effect that the blow caused injuries to appellant's back that resulted in proliferative arthritis of the fifth and sixth cervical vertebrae at the anterior angles, compression of the fifth body of the lumbar vertebrae on the right side with a consequent leaning of vertebrae to the right, and a posterior cervical neuralgia or inflammation of nerves in the back of the neck, all of which caused total disability. However, these witnesses disagreed as to whether or not such disability was temporary or permanent.

Appellees offered the testimony of medical experts to the effect that the blow appellant received on his head had no effect on his back or spine; that his spine is normal and shows no effects of an accident; that he has completely recovered from the effects of the accident; and that the accident did not result in any disability. These witnesses further testified that appellant is afflicted with some chronic type of muscular rheumatism which involves his neck, shoulders, and lower back, with a min-

imal degree of arthritis in his lower lumbar area and possible residual fibrositis all resulting in a very slight disability. They also testify these conditions are quite often present in people of appellant's age, especially those doing heavy work.

One of these witnesses, who examined appellant twice, testified he thought appellant was trying to mislead him by exaggerating his pains; that he thought appellant was a malingerer; and that appellant is capable of working.

Under this situation we think the following principle is particularly applicable: Where the evidence is conflicting and cannot be reconciled, this court, upon a trial de novo in a workmen's compensation case, will consider the fact that the trial court observed the demeanor of witnesses and gave credence to the testimony of some rather than to the contradictory testimony of others. See, Cunningham v. Armour & Co., 133 Neb. 598, 276 N. W. 393; Ames v. Sanitary District, 140 Neb. 879, 2 N. W. 2d 530; Beam v. Goodyear Tire & Rubber Co., *supra.*

We find the evidence adduced fails to establish that the blow on appellant's head, from which he has completely recovered, in any way affected his back, particularly his spine, but that he is to some degree afflicted with some chronic type of rheumatism which causes whatever pain and disability he has but that such condition did not result from the injuries suffered.

In view of these findings we need not discuss appellees' contention that no claim for compensation was made within 6 months of December 4, 1947, as required by section 48-133, R. R. S. 1943, or that a petition was not filed within 1 year as section 48-137, R. R. S. 1943, provides must be done. Likewise, there is no reason for discussing appellant's contention that the conditions resulting from the injury were latent and progressive and did not result in disability until April 2, 1949, thus extending the date from which such statutory provisions run. See McCoy v. Gooch Milling & Elevator Co., 156 Neb. 95, 54 N. W. 2d 373.

In view of the foregoing we affirm the action of the district court.

AFFIRMED.