EVERETT L. HASKETT, APPELLEE, v. NATIONAL BISCUIT COMPANY, A CORPORATION, APPELLANT.

131 N. W. 2d 597

Filed December 4, 1964. No. 35850.

Albert Lustgarten, for appellant.

Stoehr, Rickerson, Sodoro & Caporale and William M. Homan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. FLORY and ROBERT L. SMITH, District Judges.

BOSLAUGH, J.

This is a proceeding under the Workmen's Compensation Act brought by Everett L. Haskett as plaintiff. The plaintiff was employed by the National Biscuit Company, the defendant, as a deliveryman. On May 2, 1962, while making a delivery at a grocery store in Omaha, Nebraska, the plaintiff was injured when an overhead metal door struck the plaintiff on the left shoulder, knocking him backward and to the floor. The plaintiff claims that he is totally disabled as a result of the accident.

The compensation court found that the accident of May 2, 1962, arose out of and in the course of the plaintiff's employment; that as a result of the accident the plaintiff was temporarily totally disabled from May 2, 1962, to January 29, 1963; that the plaintiff had been paid the compensation due him for total temporary disability; that he should recover medical expense in the amount of $187; and that the plaintiff had failed to prove that he suffered any disability after January 29, 1963, as a result of the accident. The plaintiff waived rehearing before the compensation court and appealed directly to the district court from the award of the compensation court.

The district court found that the plaintiff was totally disabled as a result of the accident of May 2, 1962; that the plaintiff was entitled to compensation at the rate of $37 per week under subsection (1) of section 48-121, R. R. S. 1943, for not to exceed 300 weeks and at the rate of $27.50 per week thereafter; that the defendant should provide and pay for future medical services that are reasonably necessary; and that if prior to 300 weeks plaintiff's total disability shall cease, the parties will be entitled to a determination of the extent of the plaintiff's partial disability, if any, resulting from the accident. Defendant's motion for new trial was overruled and it has appealed.

The plaintiff testified that when he was knocked down on May 2, 1962, he could hear something grating or grinding in his left hip or the lower part of his back, and that "terrific" pain radiated up and down his leg. The plaintiff laid on the floor for 7 or 8 minutes before he could get up. When the plaintiff did stand up he was at first unable to put any pressure or weight on his leg. The plaintiff sat on the bumper of the truck and rested for awhile before he returned to his work.

The plaintiff returned to the defendant's warehouse about an hour and a half after the accident. He reported the accident to the defendant's shipping clerk and

office manager and then went to see his physician, Dr. Murphy. The plaintiff was complaining of pain in his hip, leg, and lower back. Dr. Murphy diagnosed the plaintiff's injury as a lumbosacral strain with nerve root pressure on the left side.

At the request of the defendant, the plaintiff consulted Dr. Hamsa, an orthopedic surgeon, on June 13, 1962. Dr. Hamsa diagnosed the plaintiff's injury as a lumbosacral region sprain with S-1 nerve root pressure, left side. Dr. Hamsa prescribed a high chair-back brace for support and recommended that the plaintiff gradually increase his activity to tolerance. Dr. Hamsa noted that if the plaintiff failed to improve, he might become a laminectomy problem. Dr. Hamsa later recommended physical therapy treatment. The plaintiff failed to improve and on October 16, 1962, Dr. Hamsa reported to the defendant that he was unable to explain the plaintiff's difficulties on the basis of positive orthopedic findings and suggested consultation with another orthopedic surgeon.

On November 7, 1962, Dr. Gross, an orthopedic surgeon, made an orthopedic and neurological examination of the plaintiff. Dr. Gross concluded that the plaintiff had no orthopedic disease or pathology. Dr. Gross expressed no opinion as to a psychiatric basis for the plaintiff's complaints.

On November 27, 1962, the plaintiff was examined by Dr. Waters, an orthopedic surgeon. Dr. Waters reported that he found no orthopedic disease or injury which could account for the plaintiff's symptoms. Dr. Waters suggested that psychiatric evaluation might determine the basis for the plaintiff's complaints.

On March 27, 1963, the plaintiff was examined by Dr. Weingarten, an orthopedist at the Veterans Administration Hospital in Omaha, Nebraska. Dr. Weingarten's diagnosis of the plaintiff was: "1. Strain, lumbosacral spine. 2. Conversion reaction. (It is this examiner's opinion that the neuropsychiatric problem is causing the

greatest disability of the two diagnoses.)"

On March 29, 1963, the plaintiff was examined by Dr. Farrell, a psychiatrist or neuropsychiatrist. Dr. Farrell testified that it was his opinion that the plaintiff's complaints were the result of a nervous condition, or anxiety hysteria brought on by the injury resulting from the accident on May 2, 1962; that the plaintiff's emotional tension had been converted into physical symptoms which is referred to as a conversion reaction; and that the plaintiff's disability is the result of and was caused by the accident of May 2, 1962.

On April 30, 1963, the plaintiff was examined by Dr. Jones, a psychiatrist and neurologist. Dr. Jones testified that it was his opinion that the plaintiff's symptoms were in a large measure, if not entirely, on a psychiatric or nervous basis; that his symptoms were due to a combination of conversion and tension phenomena which produced pain in the low back region radiating down his leg and up his back; and that the plaintiff had a hysteroid personality which made him vulnerable to the development of conversion and tension symptoms. Dr. Jones also testified that it was his opinion that the accident in which the door fell and struck the plaintiff on the shoulder set off the conversion symptoms in the plaintiff.

The evidence shows that the plaintiff sustained an accident on May 2, 1962, which arose out of and in the course of his employment. The evidence further shows that the plaintiff has been disabled since the date of the accident and is unable to work at this time.

The plaintiff complains of pain in his lower back, left hip, and left leg. He has difficulty sitting or sleeping. He walks with a limp and has difficulty moving about. He stands with a list of approximately 20 degrees to the left, with the left shoulder markedly lower than the right, and with all of the muscles of the back tensed. He also has a mild thoracic kyphosis or rounding of the back.

The plaintiff is 46 years of age and has an eighth

grade education. He has done farm work, has driven trucks and a taxicab, and has worked as a bellhop. The plaintiff started to work for the defendant in 1942. In 1944 and 1945, the plaintiff served in the Navy as a motor machinist. While in the Navy, the plaintiff's back was injured when he was struck by a hatch door. The plaintiff was confined in a naval hospital for several months as a result of that back injury. He received a medical discharge for chronic arthritis with a disability rating of 20 percent.

After being discharged from the Navy, the plaintiff returned to his job as a deliveryman for the defendant. He then worked steadily until May 2, 1962, except for a 5-week period in 1956. The plaintiff testified that in 1956 he suffered from fatigue. A report of Dr. Murphy concerning this incident states that the plaintiff's illness was a psychoneurotic anxiety state. The report further states that the plaintiff was able to return to work, that the prognosis was good, and that there was no permanent disability.

Dr. Jones, who examined the plaintiff on April 30, 1963, stated that it was his opinion that the plaintiff should return to work as soon as possible. In May 1963, the plaintiff went back to work for the defendant. He was put to work on the shipping floor assembling loads. The plaintiff worked about 6 hours the first day. He left at noon on the second and third days. On the fourth day the plaintiff worked about 4 hours. On the following day the plaintiff telephoned the defendant's shipping clerk and stated that he would be unable to work because of pain in his hip and leg. Later that day the defendant's office manager called the plaintiff and said that the defendant could not carry the plaintiff any longer because he was not able to work a full day. The plaintiff has not worked since May 1963.

The defendant's office manager testified that he observed the plaintiff while he was working in May 1963, that the plaintiff did not seem to be functioning nor-

mally, and that he seemed to be a man honestly in discomfort. The defendant does not seriously contend that the plaintiff is a malingerer and the evidence would not support such a finding.

The controversy in this case is whether the evidence is sufficient to support an award of compensation for disability which results from anxiety hysteria or a conversion reaction. A workman is entitled to recover compensation for neurosis if it is a proximate result of his injury and results in disability. Lee v. Lincoln Cleaning & Dye Works, 145 Neb. 124, 15 N. W. 2d 330; Dietz v. State, 157 Neb. 324, 59 N. W. 2d 587; Rexroat v. State, 142 Neb. 596, 7 N. W. 2d 163; Marler v. Grainger Bros., 123 Neb. 517, 243 N. W. 622.

The evidence in this case shows that as a result of the accident of May 2, 1962, the plaintiff suffered an injury to his back, a lumbosacral sprain, and has developed an anxiety hysteria, or conversion reaction, which has resulted in disability. Both Dr. Farrell and Dr. Jones testified that the accident was the precipitating cause of the psychiatric condition which resulted in the plaintiff's present disability.

There is evidence that the plaintiff was predisposed to develop such a condition, and that the same injury to another person might not have resulted in a similar disability. But that is no defense. Where an accident combines with a preexisting condition to produce disability, the injured workman may recover compensation. Cole v. Cushman Motor Works, 159 Neb. 97, 65 N. W. 2d 330.

The judgment of the district court is correct and it is affirmed. The plaintiff's attorneys are allowed a fee of $500 for their services in this court. § 48-125, R. R. S. 1943.

AFFIRMED.